IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHH MORTGAGE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-0010-MJR-DGW |
| ) | |
| TREVER L. WALKER, ) | |
| TINA RENEE WALKER, ) | |
| CAPITAL ONE BANK (USA), NA, ) | |
| REGIONS BANK, ) | |
| UNITED STATES OF AMERICA, ) | |
| UNKNOWN OWNERS and ) | |
|    NON-RECORD CLAIMANTS, and ) | |
| UNKNOWN OCCUPANTS, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF DISMISSAL

REAGAN, District Judge:

     PHH Mortgage Corporation filed a mortgage foreclosure suit in the Circuit Court of Williamson County, Illinois in December 2011. Named as Defendants were the mortgagors (Trevor Walker and Tina Walker) plus five other Defendants with possible interests in or liens on the mortgaged real estate: (1) Capital One Bank USA, NA; (2) Regions Bank; (3) United States of America; (4) Unknown Owners and Non-Record Claimants; and (5) Unknown Occupants. The United States of America ("USA") timely removed the action to this District Court one year ago.

     Now before the Court is Plaintiff's unopposed motion to voluntarily dismiss the Unknown Owners, Non-Record Claimants, and Unknown Occupants (Doc. 23), a motion which the only served Defendant (the USA) <u>does not oppose</u>. Dismissal of

these Defendants was appropriate via notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), but Plaintiff likely opted to proceed via dismissal *motion* in response to the Court's January 4, 2013 Order (Doc. 18).

The Court **GRANTS** Plaintiff's motion (Doc. 23). All Unknown Owners, Non-Record Claimants, and Unknown Occupants are hereby **DISMISSED** as party Defendants, *without prejudice and without costs*. This leaves five Defendants herein: (1) Trever Walker, (2) Tina Walker, (3) Capital One Bank, (4) Regions Bank, and (5) the USA.[1]

Also before the Court is Plaintiff's January 25, 2013 Motion for Extension of Time to Complete Discovery or, alternatively, to Voluntarily Dismiss this Case (Doc. 25). As to the second request -- the motion notes that voluntary dismissal would not prejudice the USA, whose tax lien on the subject property will remain valid. As to the first request -- the discovery cutoff expired on September 30, 2012, and Defendant USA opposes the request to extend it. But Plaintiff's motion further explains that Defendants Tina and Trever Walker (who still own and occupy the property) have been in discussions with Plaintiff to possibly avoid the mortgage foreclosure and loss of their home. The Walkers have applied for assistance from the State of Illinois under the "Hardest Hit Program," which would "provide funds to Trever Walker to reinstate the loan with Plaintiff." That application may not be resolved within the time frame imposed by prior Orders of this Court. The discovery and dispositive motion deadlines

---

[1] Between the time this Order was drafted and the time it was docketed, the Clerk's Office granted Plaintiff's motion for Clerk's entry of default against four of these five Defendants (the two Walkers and the two banks) under Federal Rule of Civil Procedure 55(a). (That is only a Rule 55(a) clerk's entry of default, not a Rule 55(b) default judgment.)

have expired, final pretrial conference and trial currently are set before the undersigned District Judge in March 2013.

Plaintiff's request to extend the discovery cutoff cannot be accommodated while maintaining the trial schedule before the undersigned District Judge. The Court is willing to dismiss the case without prejudice (the alternative relief sought in Doc. 25) via Plaintiff's motion for voluntary dismissal under Rule 41(a)(2). The USA has responded with a motion seeking dismissal of this entire case for want of prosecution under Rule 41(b). The motion does not specify whether dismissal is sought with or without prejudice, although the logical inference is that "with prejudice" dismissal is requested – a step the undersigned Judge finds unduly severe on the particular facts of the case sub judice. The Court encourages the parties' attempts to negotiate a resolution of this case that allows the mortgagors to remain in their home, while still protecting the USA's tax lien.

Thus, the Court **GRANTS in part and DENIES in part** Plaintiff's motion to extend discovery schedule or dismiss case (Doc. 25). Plaintiff's motion (Doc. 25) is **GRANTED** as to Plaintiff's request to voluntarily dismiss without prejudice and **DENIED** as to the request to extend the discovery schedule. The Court **DENIES** the USA's motion to dismiss the case for want of prosecution (Doc. 27).

IT IS SO ORDERED.

DATED January 29, 2013.

                                                                          s/ *Michael J. Reagan*
                                                                          Michael J. Reagan
                                                                          United States District Judge